IN THE UNITED STATES DISTRICT  COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02544-LTB

MARIO ANTON LEE,

      Applicant,

v.

UNITED STATES OF AMERICA, and
CHARLES DANIELS, et al.,

      Respondents.

---

## ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Mario Anton Lee, is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at the United States Penitentiary, High Security, in Florence, Colorado.  He filed *pro se* on February 6, 2014, a letter (ECF No. 8) seeking to reinstate the instant habeas corpus action pursuant to 28 U.S.C. § 2241. The Court must construe the letter liberally because Mr. Lee is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the letter will be construed as a motion for relief from judgment, and the motion will be denied.

A litigant subject to an adverse judgment who seeks reconsideration by the district court may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is

entered.  *See* Fed. R. Civ. P. 59(e).  A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)).  Mr. Lee's motion was filed ninety-eight days after the Court's Order of Dismissal was entered on October 31, 2013 (ECF No. 5).  Therefore, the motion will be construed as a motion to reconsider filed pursuant to Fed. R. Civ. P. 60(b).

On October 31, 2013, the Court dismissed the instant action without prejudice pursuant to Mr. Lee's notice of voluntary dismissal filed October 28, 2013 (ECF No. 4). In the notice of voluntary dismissal, Mr. Lee asked the Court to withdraw the instant action and return all documents to him.  The notice also notified the Court that Mr. Lee may refile at a later date.  The October 31 dismissal order discussed in detail the reasons for the dismissal and explained to Mr. Lee the reason the Court was unable to return his filed documents to him.  *See* ECF No. 5.

In the motion for relief from judgment, Mr. Lee appears to contend that he did not intend to dismiss the instant action voluntarily and maintains the letter he filed on January 29, 2014 (ECF No. 6) informed the Court he was refiling his § 2241 action and the $5.00 filing fee was being submitted from a third party.  However, no § 2241 application was submitted and no $5.00 filing fee received and docketed in the instant action.  A new and separate § 2241 action was initiated on January 28, 2014 in *Lee v. Oliver*, No. 14-cv-00279-BNB, and an order entered on January 31, 2014, directing Mr. Lee within thirty days to cure certain deficiencies, including but not limited to either paying the $5.00 filing fee or submitting a Prisoner's Motion and Affidavit for Leave to

2

Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action together with a certificate showing the current balance in Mr. Lee's prison trust fund account.  The habeas corpus application Mr. Lee filed in No. 14-cv-00279-BNB did not indicate that the application should be filed in the prior dismissed case, No. 13-cv-02544-LTB.

 Relief under Rule 60(b) is appropriate only in extraordinary circumstances.  *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).  Upon consideration of the motion and the entire file, the Court finds that Mr. Lee fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  The Fed. R. Civ. P. 60(b) motion does not alter the Court's conclusion that this action properly was dismissed.  Therefore, the Fed. R. Civ. P. 60(b) motion will be denied.

Accordingly, it is

ORDERED that the letter that Applicant, Mario Anton Lee, filed *pro se* on February 6, 2014, and which the Court has treated as a motion seeking relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, is denied.

DATED at Denver, Colorado, this  11th  day of ___February___, 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court